UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ROC-A-FELLA RECORDS, INC.,

                                Plaintiff,

      -against-

DAMON DASH,

                                Defendant.
------------------------------------------------------------------------X

Case No. 1:21-cv-5411

**MEMORANDUM OF LAW IN OPPOSITION OF PLAINTIFF'S ORDER TO SHOW CAUSE AND IN SUPPORT OF DEFENDANT DAMON DASH'S MOTION TO <u>DISQUALIFY PLAINTIFF'S COUNSEL</u>**

Dated: June 25, 2021
      Brooklyn, NY

**TURTURRO LAW, P.C.**
By<u>/s/Natraj S. Bhushan</u>
Natraj S. Bhushan, Esquire.
1602 McDonald Avenue,
Brooklyn, NY 11230
Tel.: 718-384-2323
Email: Natraj@turturrolawpc.com

-and-

**THE HOWARD LAW FIRM, P.C.**
By<u>/s/Eric Howard</u>
244 5th Avenue,
New York, NY 10001
Tel: 646-820-5291
Email: Eric@erichowardlaw.com
*Attorneys for Defendant*

*To (via ECF): counsel for all party*

1

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT**……………………………………………………… 3

**BACKGROUND FACTS**……………………………………………………………… 4

**ARGUMENT**………………………………………………………………… .5

   *i.*    *In Opposition*

   POINT I: THE PRELIMINARY INJUNCTION STANDARD

   POINT II: THERE IS NO LIKELIHOOD OF SUCCESS ON ANY OF RAF'S CLAIMS

   POINT III: THERE IS NO IMMINENT HARM TO THE PLAINTIFF

   *ii.*   *In Support of Cross-Motion*

   POINT IV: PLAINTIFF'S COUNSEL SHOULD BE DISQUALIFIED

**CONCLUSION**………………………………………………………………10

Defendant Damon Dash ("Dash") respectfully submits this Memorandum of Law in opposition to the order to show cause filed by Plaintiff Roc-A-Fella Records, Inc. ("RAF") for an order, *inter alia,* seeking a preliminary injunction and temporary restraining order amongst other claims against Dash; and, in support of his cross-motion to disqualify the law firm of Quinn Emanuel Urquhart & Sullivan LLP ("Quinn Emanuel") due to its conflict of interest as defined by the New York's Rules of Professional Conduct.

## PRELIMINARY STATEMENT

As plainly set forth in the Dash Declaration submitted herewith (*See generally* Dash Dec.), this "derivative" action brought by Shawn Carter a/k/a Jay-Z ("Jay-Z) under the guise of RAF is completely meritless since Dash never claimed, tried to sell, transfer, assign, or dispose of any interest in the copyright to the *Reasonable Doubt* album, which is owned by RAF; and, Dash never minted any NFT of the *Reasonable Doubt* or his one-third interest in RAF. Simply put, this entire lawsuit is part and parcel of an ongoing course of conduct employed by Jay-Z to prevent Dash from lawfully selling his one-third interest in RAF so that Jay-Z can acquire the same for an amount far below its potential market value.

As to Plaintiff's Motion, it should *first* be denied because it seeks to compel Dash to perform actions that are impossible (e.g., turning over NFTs which were never minted) while at the same time precluding actions that are plainly lawful (selling or transferring off his one-third interest). *Second*, the Motion should be denied because there is zero likelihood of success on any of the Plaintiff's claims. *Lastly*, RAF will suffer no harm if its Motion is denied. In fact, the only part facing imminent harm is Dash insofar as he is precluded from the ability to sell or transfer his one-third interest in RAF (a restriction that is placed on no other RAF shareholder).

3

Separately, as to Dash's Cross-Motion, because Quinn Emmanuel concurrently represents RAF in this litigation and personally represent Jay-Z in ongoing corporate governance matters related to the operation of RAF, it must be disqualified from further representation in this action as this incurable conflict is *prima facie* improper under the New York Rules of Professional Conduct and prevailing case law.

## BACKGROUND FACTS

It is undisputed that RAF is a corporation formed under the laws of New York with three shareholders: Dash, Jay-Z, and Kareem Burke ("Burke) each owning an equal 1/3 share of RAF. It is equally undisputed that there are no restrictions on any of these three shareholders from freely transferring, encumbering, selling, assigning their interest in RAF.

Yet despite having actual knowledge that Dash never intended to sell anything other than what he lawfully owned (i.e. his $1/3^{rd}$ interest in RAF), as averred in the Dash Declaration, Jay-Z unlawfully caused RAF to file this meritless lawsuit solely on the "belief that Dash has already minted an NFT, which he intends to sell through another auction or some other means as soon as possible." Complaint at ¶4.

Nevertheless, as Dash avers in his Declaration, he never minted an NFT nor did he claim to own a one hundred percent interest in the Reasonable Doubt copyright.

So the bottom line is simple: neither Jay-Z nor RAF can preclude the sale of Dash's 1/3 interest as Jay-Z does not own said interest and RAF has no restrictions on the transfer, assignment or disposal of such interest.

## ARGUMENT

i.   *Argument In Opposition to Motion*

### POINT I: THE PRELIMINARY INJUNCTION STANDARD

A party seeking a preliminary injunction must show (1) "a likelihood of success on the merits or . . . sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor"; (2) a likelihood of "irreparable injury in the absence of an injunction"; (3) that "the balance of hardships tips in the plaintiff's favor"; and (4) that the "public interest would not be disserved." *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 894-95 (2d Cir. 2015) (quoting *Salinger v. Colting*, 607 F.3d 68, 79 (2d Cir. 2010)). The temporary restraining order standard is the same. *See, e.g.*, *Echo Design Grp. v. Zino Davidoff S.A.*, 283 F. Supp. 2d 963, 966 (S.D.N.Y. 2003).

In the case at bar, the Plaintiff, relying on an erroneous internal SuperFarm memo claims Dash has "minted" an NFT that he claims will prove his ownership of *Reasonable Doubt*, and he is doing everything in his power to sell the NFT to the highest bidder. Nevertheless, Dash, who actually dealt with SuperFarm contends otherwise. *See*, Dash Declaration at 15 ("At no time did I represent to SuperFarm that I owned 100% of the RD copyright, directly or indirectly, or that I wanted to mint an NFT based on said copyright. I did not even indicate that I would mint my 1/3 interest.") and 19 ("nothing was ever minted!"). Accordingly, there is simply no basis for this court to grant a preliminary injunction.

### POINT II: THERE IS NO LIKELIHOOD OF SUCCESS ON ANY OF RAF'S CLAIMS

In its Complaint, Plaintiff brings four causes of action. Each fail to state a claim and there is no likelihood of success on any of them.

5

### A. Declaratory Relief

Here, there is a "justiciable controversy" because Dash has not "minted" any NFT. To the extent there is a "justiciable controversy" its whether Jay-Z or RAF has the power to curtail Dash's ability to freely transfer, sell, assign, encumber or dispose of his undisputed 1/3 interest in RAF. Based on the record before the Court, the answer to that question is clear.

Accordingly, RAF cannot demonstrate a likelihood of success on the merits of this claim as Dash clearly has legal authority to retain or dispose of his 1/3 interest in RAF without approval or consent. Moreover, even if such a sale of the interest is effectuated the RD copyright is as it always was – the exclusive property of RAF (and by extension, its shareholders).

### B. Breach of Fiduciary Duty

Under New York law, in order to establish a breach of fiduciary duty, a plaintiff must prove the existence of a fiduciary relationship, misconduct by the defendant, and damages that were directly caused by the defendant's misconduct. *Pokoik v. Pokoik*, 982 N.Y.S.2d 67, 70, 115 A.D.3d 428 (1st Dep't 2014). Additionally, a fiduciary relationship exists between an agent and principal, signifying relationship of trust and confidence whereby the agent is bound to exercise the utmost good faith and undivided loyalty toward the principal throughout the relationship.  *Sokoloff v. Harriman Estates Development Corp*., 96 N.Y.2d 409, 416, 754 N.E.2d 184, 729 N.Y.S.2d 425 (N.Y. 2001).

Here, to the extent Dash owes a fiduciary relationship to RAF, there is no doubt that the Plaintiff's allegations of breach are devoid of merit. In short, Dash never attempted "to auction off" or "otherwise sell off" the Reasonable Doubt copyright. *See generally*, Dash Dec. Moreover, to the extent RAF alleges that it has been harmed by such a sale, it should focus its ire on Jay-Z, who has been misusing it to file misleading public lawsuits about the *Reasonable Doubt*

copyright such as this one, which may negatively affect the value of RAF as the copyright is its sole asset.

Accordingly, RAF cannot demonstrate a likelihood of success on the merits of this claim.

### C. <u>Conversion and Repleving</u>

It is well settled "[u]nder New York Law, to plead a claim of conversion, a plaintiff must establish that (1) the property subject to conversion is a specific identifiable thing; (2) plaintiff had ownership, possession or control over the property before its conversion; and (3) defendant exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the Plaintiff's rights." *LaRoss Partners, LLC, v. Contact 911 inc.,* 874 F.Supp. 2d at 164 (E.D.N.Y. 2012) (internal quoted omitted).

"To establish a claim for replevin, the plaintiff must prove two elements: (1) that plaintiff has a possessory right superior to that of the defendant; and (2) that plaintiff is entitled to the immediate possession of that property." *Am. Stock Transfer & Tr. Co., LLC v. Sykes*, 2020 WL 7698938, at *4 (E.D.N.Y. Dec. 28, 2020) (citation omitted).

For these two claims, RAF falsely contends that "Dash has stolen and claims that he owns the copyright to Reasonable Doubt (Plaintiff's memorandum of law at p. 10) and that "Dash has exercised unauthorized dominion over RAF, Inc.'s property in which it has legal title and a superior right of possession (*Id*.)." Plaintiff goes on to say "He's (Dash) also refused to return RAF, Inc.'s property, despite knowing that he has no individual ownership rights to Reasonable Doubt. (*Id*.)

These nonsensical statements are so far from the truth (which RAF knew before it filed this action) that if they were made outside the context of this lawsuit, Dash would be suing RAF for defamation.

In short, as Dash never stole the copyright, RAF cannot demonstrate a likelihood of success on the merits of either claim.

### D. Unjust Enrichment

To plead an unjust enrichment claim, the plaintiff must assert factual allegations that: "(1) the defendants were enriched; (2) the enrichment was at plaintiff's expense; and (3) that the circumstances are such that equity and good conscience require the defendants to make restitution." *See Rojo v. Deutsche Bank*, No. 06 Civ. 13574, 2010 WL 2560077, at *6 (S.D.N.Y. June 23, 2010). Similar to its previous claims, this cause of action also fails on it its face and must be denied.

In order to have a viable claim for unjust enrichment the moving party must show the defendant was actually *enriched*. Here, the only enrichment that would unjustly occur is if Jay-Z was allowed to use RAF to preclude Dash and Dash only from being able to freely transfer his one-third interest. In any event, Dash was well within his lawful right and authority as a shareholder of RAF to sell, encumber, transfer, and in this case, auction off an NFT representing his 1/3 interest.

### POINT III: THERE IS NO IMMINENT HARM TO PLAINTIFF

Plaintiff offers no argument as to how it would be harmed if Dash was allowed to freely transfer, sell or auction off his 1/3 interest in RAF. Indeed, there is no basis to preclude him from doing so. Moreover, even if Dash were to have sold his interest in RAF, Plaintiff cannot proffer any argument as to how any of the remaining shareholders would be prejudiced in a mere change in the RAF shareholder ledger. Again, Dash sought to auction off only what was his and, were this Court to grant an injunction precluding him from doing so that would irreparably harm Dash and Dash only.

As there is no imminent harm to Plaintiff, this factor tips in favor of Defendant and warrants denial of this Motion.

*ii. Argument In Support of Cross-Motion*

### POINT IV: PLAINTIFF'S COUNSEL SHOULD BE DISQUALIFIED

Lawyers appearing in this Court are required to comply with the New York Rules of Professional Conduct. See Local Rule 1.3(a). Here, Rule 1.7 of Professional Conduct requires disqualification of Quinn Emmanuel in this action due to its concurrent representation of Jay-Z, individually, in RAF corporate governance matters while simultaneously representing RAF in this action. As this case continues into discovery, it is clear that Quinn Emmanuel cannot play the role of corporate counsel in an adversarial relationship to Dash all while simultaneously playing the role of personal counsel to Jay-Z in RAF corporate governance matters all to the detriment of both RAF's other shareholders, to wit, Dash.

To be clear, the standards that apply in a decision to disqualify are well stated in *Travelers Indemnity Co. v. Gerlzng Global Reinsurance Corp.*, 2000 WL 1159260 at *3 (S.D.N.Y. 2000): "[T]he decisions regarding attorney disqualification in this Circuit. . . [attempt] to resolve the twin tensions underlying any such motion: 'a client's right freely to chose his counsel,' which 'must be balanced against the need to maintain the highest standards of the profession.' *Government of India v. Cook Indus., Inc., 569 F.2d 737, 739 (2d Cir. 1978); accord Evans v. Artek Sys. Corp.,* 715 F.2d 788, 791 (2d Cir. 1983). Thus, the moving party initially bears a heavy burden of demonstrating that a conflict exists. Once this initial burden is met, however, all doubts must be resolved in favor of disqualification. *See Emle Indus., Inc. v. Patentex, Inc.*, 478 F.2d 562, 571 (2d Cir. 1973) (holding disqualification is necessary where

there is 'even the slightest doubt concerning the ethical propriety of a lawyer's representation in a given case.')."

As detailed in the Dash Declaration, it is alleged that Jay-Z, without authorization, twice retained counsel for RAF to take adverse actions against Dash (the first being the service of the Cease and Desist Letter, which stopped a lawful auction; and the second being this action commenced by Quinn Emanuel). Now that Dash has formally challenged Jay-Z's authority to take such actions in this litigation and during a recent shareholder meeting held on June 22, 2021 in which Quinn Emanuel's attorneys personally represented Jay-Z and presided over the meeting, there can be no doubt that there is a clear conflict of interests warranting its disqualification in this case.

## CONCLUSION

Based upon the foregoing, Defendant respectfully requests that the Court deny Plaintiff's Motion and grant his Cross-Motion.

Dated: June 25, 2021
    Brooklyn, NY

**TURTURRO LAW, P.C.**
By/s/Natraj S. Bhushan
Natraj S. Bhushan, Esquire.
1602 McDonald Avenue,
Brooklyn, NY11230
Tel.: 718-384-2323
Email: Natraj@turturrolawpc.com

*-and-*

**THE HOWARD LAW FIRM, P.C.**
By/s/Eric Howard
244 5th Avenue,
New York, NY 10001
Tel: 646-820-5291
Email:Eric@erichowardlaw.com
*Attorneys for Defendant*

*To (via ECF): counsel for all party*