**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

Direct Dial 212.849.7364
Email: alexspiro@quinnemanuel.com

July 12, 2021

**VIA ECF**
Honorable John P. Cronan
U.S. District Court for the Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re:  Joint Rule 26(f) Letter and Proposed Case Management Plan/Scheduling Order in *Roc-A-Fella Records, Inc. v. Damon Dash*, No. 1:21-cv-05411-JPC**

Dear Judge Cronan:

On behalf of Plaintiff Roc-A-Fella Records, Inc. ("RAF, Inc.") and Defendant Damon Dash ("Dash"), I write to submit this Joint Letter and the parties' Civil Case Management Plan and Scheduling Order (the "Order").  On July 5, 2021, the parties met and conferred regarding the contents of this Letter and the Order pursuant to Rule 26(f).

**1. Nature of the Case**

RAF, Inc. owns all rights to the album *Reasonable Doubt*, including its copyright. RAF, Inc. alleges that Dash—a minority shareholder in the company—unlawfully stole and attempted to auction the copyright to *Reasonable Doubt*.  As a result, RAF, Inc. filed this action, asserting claims for declaratory relief (regarding the ownership of and rights to *Reasonable Doubt*), breach of fiduciary duty, conversion, replevin, and unjust enrichment.  RAF, Inc. also sought injunctive relief.  On July 2, 2021, the Court preliminarily enjoined Dash from "selling, assigning, pledging, encumbering, contracting with regard to, or in any way disposing of any property interest in *Reasonable Doubt*, including its copyright."  (ECF No. 27 at 1 (emphasis added).)

Dash contends that he did not steal or attempt to sell the copyright to *Reasonable Doubt*. Rather, he merely sought to sell his one-third ownership interest in RAF, Inc.  Dash further contends that RAF, Inc. filed this action without authority and, therefore, intends on pleading a counterclaim for declaratory relief regarding, *inter alia*, RAF, Inc.'s ability to enter into contracts to retain counsel and file lawsuits.

quinn emanuel urquhart & sullivan, llp
AUSTIN | BOSTON | BRUSSELS | CHICAGO | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

The parties have agreed that Dash will answer, move, or otherwise respond to the complaint on or before July 16, 2021.

**2. Jurisdiction**

This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1). The amount in controversy exceeds $75,000, exclusive of interests and costs. There is complete diversity of citizenship because RAF, Inc. is a New York corporation with its principal place of business in New York, New York, and Dash is a citizen of California.

**3. Motions**

There are no outstanding motions or requests to file motions.

**4. Discovery**

No formal discovery has taken place. The parties anticipate that they will need discovery on all relevant issues, including, but not limited to, the basis for RAF, Inc.'s claims, theories of liability, and damages, as well as Dash's defenses and counterclaims against RAF, Inc. The parties anticipate serving written requests for production of documents, interrogatories, and requests for admission in connection with these subjects, among others. The parties also anticipate taking depositions.

**5. Settlement Discussions**

No settlement discussions have taken place.

**6. Length of Trial**

The parties estimate that a trial would last 3-5 days.

**7. Any Other Information**

At this time, the parties do not have any additional information that would aid the Court in resolving this action.

Respectfully submitted,

*/s/ Alex Spiro*

Alex Spiro

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X
                                                                         :
                                                                         :
                                                                         :
                                                                         :         ____ CV_____(JPC)
                              Plaintiff(s),                              :
              -v-                                                        :
                                                                         :         CIVIL CASE
                                                                         :         MANAGEMENT PLAN
                                                                         :         AND SCHEDULING
                              Defendant(s).                              :         ORDER
                                                                         :
                                                                         :
                                                                         :
------------------------------------------------------------------------ X

This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Rule 26(f)(3) of the Federal Rules of Civil Procedure.

1. All parties [**consent**     /**do not consent**     ] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial.  28 U.S.C. § 636(c).  The parties are free to withhold consent without adverse substantive consequences.

2. Settlement discussions [**have**     /**have not**     ] taken place.

3. The parties [**have**     /**have not**     ] conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

4. Unless a party amends a pleading as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court.  Any motion for leave to amend or to join additional parties shall be filed by _____.  [*Absent exceptional circumstances, a date not more than 30 days following the date of this Order.*]

5. Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be completed no later than _____ days from the date of this Order.  [*Absent exceptional circumstances, fourteen (14) days*.]

6. Fact Discovery

    a. All fact discovery shall be completed no later than _____.  [*A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances*.]

    b. Initial requests for production of documents shall be served by _____.

    c. Interrogatories shall be served by _____.

    d.    Depositions shall be completed by _____.

          (i)    Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

          (ii)    There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

          (iii)    Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    e.    Requests to admit shall be served by _____.

    f.    Any of the deadlines in paragraphs 6(b) through 6(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 6(a).

7.    Expert Discovery

    a.    All expert discovery, including expert depositions, shall be completed no later than _____. [*Absent exceptional circumstances, a date forty-five (45) days from the date in paragraph 6(a) (i.e., the completion of all fact discovery)*.]

    b.    Plaintiff's expert disclosures pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure shall be made on or before _____.

    c.    Defendant's expert disclosures pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure shall be made on or before _____.

    d.    The interim deadlines in paragraphs 7(b) and 7(c) may be extended by the written consent of all parties without application to the Court, provided that expert discovery is completed by the date set forth in paragraph 7(a).

8.    All motions and applications shall be governed by the Court's Individual Rules and Practices in Civil Cases.

9.    Any discovery disputes shall be addressed according to 5.C of the Court's Individual Rules and Practices in Civil Cases.

10.    All discovery must be completed by _____. [*This date should be the later of the dates in 6(a) and 7(a) above.*]

11.    All counsel must meet in person to discuss settlement within fourteen (14) days following the close of fact discovery. If the parties believe that a referral to the assigned Magistrate Judge for a settlement conference or to the Court-annexed mediation program would assist in these discussions, the parties should file a letter with the Court to that effect.

12. Unless otherwise ordered by the Court, within thirty (30) days after the close of discovery or, if a dispositive motion has been filed, within thirty (30) days of a decision on such motion, the parties shall submit a proposed Joint Pretrial Order prepared in accordance with Rule 26(a)(3) of the Federal Rules of Civil Procedure and 7.B of the Court's Individual Rules and Practices in Civil Cases.  The parties shall follow the Court's Individuals Rules and Practices in Civil Cases for any submissions that must be made at the time of the Joint Pretrial Order, including any motions *in limine*.

13. In accordance with 7.C of the Court's Individual Rules and Practices in Civil Cases, counsel are required to meet and confer on a joint submission of proposed *voir dire* questions, jury instructions, and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Joint Pretrial Order due date, unless they meet the standard of Rule 51(a)(2)(A) of the Federal Rules of Civil Procedure.  If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted on the Joint Pretrial Order due date in accordance with 7.D of the Court's Individual Rules and Practices in Civil Cases.

14. The parties shall be ready for trial as of two weeks following the deadline for the proposed Joint Pretrial Order.

15. This case [**is**    /**is not**    ] to be tried to a jury.

16. Counsel for the parties have conferred and their best estimate of the length of trial is _____.

17. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Rule 26(f)(3) of the Federal Rules of Civil Procedure, are set forth below.

    _____
    _____
    _____
    _____

18. Next Steps: [*To be completed by the Court*.]

    The next Case Management Conference is scheduled for _____ at _____.

    The parties shall submit a joint status letter to the Court no later than _____, advising the Court as to whether the parties request a referral to the assigned Magistrate Judge for a settlement conference or to the Court-annexed mediation program, whether any party plans to file a post-discovery motion, the anticipated grounds for any such motion, and the opposing party's anticipated grounds for opposing the motion.  In the event any party plans to file a post-discovery motion, the joint status letter will satisfy the Court's pre-motion letter requirement.

      This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown.  Any application to modify or extend the dates herein (except as provided in paragraph 6(f) and 7(d)) shall be made in a written application in accordance with Court's Individual Rules and Practices in Civil Cases and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

      SO ORDERED.

                                                                                 _____
                                                                                 JOHN P. CRONAN
                                                                                  United States District Judge

Dated: _____
       New York, New York