UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROC-A-FELLA RECORDS, INC., <br><br> PLAINTIFF AND COUNTERCLAIM-DEFENDANT, <br><br> -AGAINST- <br><br> DAMON DASH AND GODIGITAL RECORDS, LLC, <br><br> DEFENDANTS AND COUNTERCLAIM-PLAINTIFFS. | Case No. 1:21-cv-05411-JPC <br><br> Hon. John P. Cronan |

## JOINT STIPULATION

Plaintiff Roc-A-Fella Records, Inc. ("RAF, Inc.") and Defendant Damon Dash ("Dash") by and through their respective counsel, stipulate as follows:

WHEREAS, RAF, Inc. filed a complaint on June 18, 2021, naming Dash as a defendant and seeking a judgment declaring that (a) RAF, Inc. owns all the rights to *Reasonable Doubt*, including its copyright; (b) Dash, as a RAF, Inc. shareholder, has no direct ownership interest in *Reasonable Doubt*; (c) Dash is not permitted to sell any interest in *Reasonable Doubt*; and (d) Dash must transfer to RAF, Inc., any NFT or other asset in his possession, custody, or control reflecting rights to Reasonable Doubt (ECF No. 1 at 11);

WHEREAS, also on June 18, 2021, RAF, Inc. moved for a preliminary injunction preventing Dash from "altering in any way, selling, assigning, pledging, encumbering, contracting with regard to, or in any way disposing of any property interest in Reasonable Doubt, including its copyright and including through any means, such as auctioning a non-fungible token ('NFT') reflecting such interests, pending a final determination of the above- captioned lawsuit" (ECF No. 5 at 1);

WHEREAS, on July 2, 2021, upon stipulation of the parties, the Court ordered that, pending a final resolution of this action, "Dash, all those in active concert with him, and all persons having notice of this Order by personal service or otherwise, be and the same hereby are RESTRAINED AND ENJOINED from altering in any way, selling, assigning, pledging, encumbering, contracting with regard to, or in any way disposing of any property interest in Reasonable Doubt, including its copyright and including through any means, such as auctioning a non-fungible token ('NFT') reflecting, referring, or directing to such interest" (ECF No. 27 at 2);

WHEREAS, on August 6, 2021, RAF, Inc. filed an Amended Complaint;

WHEREAS, on September 8, 2021, Dash answered the Amended Complaint and asserted Counterclaims against RAF, Inc.;

WHEREAS, counsel for RAF, Inc. has informed counsel for Dash that RAF, Inc. intends to file a post-discovery motion for summary judgment;

WHEREAS, to obviate the need for this motion and to resolve any and all claims and causes of action asserted in this case, the parties respectfully request that the Court enter the attached [Proposed] Final Judgment;

IT IS THEREFORE STIPULATED AND AGREED that there is good cause for the Court to enter the attached [Proposed] Final Judgment.

DATED: June 13, 2022    QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Alex Spiro
Alex Spiro
Luke Nikas
Paul B. Maslo
*Attorneys for Roc-A-Fella Records, Inc.*

DATED: June 13, 2022    TURTURRO LAW, P.C.

By  /s/ Natraj S. Bhushan
Natraj S. Bhushan
Eric Howard
*Attorneys for Damon Dash*

## [PROPOSED] FINAL JUDGMENT

The Court having considered the pleadings and the Joint Stipulation executed by Plaintiff Roc-A-Fella Records, Inc. ("RAF, Inc.") and Defendant Damon Dash ("Dash") (collectively, the "Parties"), hereby DECLARES and ORDERS as follows:

1. The Court has jurisdiction over this matter.

2. RAF, Inc. owns all rights to the album *Reasonable Doubt*, including its copyright.

3. No shareholder or member of RAF, Inc. holds a direct ownership interest in *Reasonable Doubt*.

4. Unless duly authorized by RAF, Inc., no shareholder or member of RAF, Inc. may alter in any way, sell, assign, pledge, encumber, contract with regard to, or in any way dispose of any property interest in *Reasonable Doubt*, including its copyright and including through any means such as auctioning a non-fungible token reflecting, referring, or directing to such interest; provided, however, that nothing in this Judgment shall prevent any shareholder or member of RAF, Inc. from selling, assigning, pledging, encumbering, contracting with regard to, or in any way disposing of their one-third (1/3rd) ownership interest in RAF, Inc.

5. All claims and causes of action asserted in this case brought by RAF, Inc. against Dash are hereby dismissed without prejudice and all claims brought by Dash against RAF, Inc. are hereby dismissed without prejudice, with the Parties' to bear their respective costs, including any possible attorneys' fees and other expenses of this litigation.

6. This Judgment may be modified by a stipulation of the Parties as approved by the Court, or by court proceedings resulting in a modified judgment of the Court.

7. The terms of this Judgment shall be governed by the laws of the State of New York.

8.      The Court retains jurisdiction over this Judgment and the Parties hereto for purposes of enforcing and modifying this Judgment and the Stipulation of Partial Discontinuance (ECF No. 72) and for purposes of granting such additional relief as may be necessary and appropriate.

**IT IS SO ORDERED.**

DATED:  June 13, 2022

By _____
Hon. John P. Cronan